Filed 7/19/23  P. v. Garcia CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B324471 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA063528) |
| v. | |
| MELESIO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Melesio Garcia appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Garcia filed a supplemental brief. We review the contentions Garcia raises in his supplemental brief, and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, after "stalking and shooting at his estranged wife and her boyfriend," appellant Melesio Garcia was charged with "two counts of premeditated attempted murder (counts 1 & 2; Pen. Code, §§ 664, 187, subd. (a)),[ ] two counts of assault with a firearm (counts 3 & 4; § 245, subd. (a)(2)), two counts of stalking (counts 5 & 7; § 646.9, subd. (a)), possession of cocaine (count 6; Health & Saf. Code, § 11350, subd. (a)), and unlawful firearm activity (count 8; § 12021, subd. (g)(2)). As to counts 1 and 2, it was further alleged that Garcia personally discharged and used a handgun (§ 12022.53, subds. (b) & (c)). As to counts 3 and 4, it was alleged that Garcia personally used a handgun (§ 12022.5, subd. (a)). . . . [¶] [In December 2009, a] jury found Garcia guilty on all counts as charged, and found the gun-use enhancements to be true. Garcia was sentenced to state prison for two consecutive life terms, plus 44 years and four months." (*People v. Garcia* (Oct. 4, 2011, B223214) [nonpub. opn.].)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

In January 2022, Garcia filed a petition for resentencing under former section 1170.95, now section 1172.6.[2] The People opposed the petition on the grounds that Garcia was ineligible for relief as a matter of law because his jury was not instructed on the theory of natural and probable consequences or on aiding and abetting, and because Garcia was prosecuted as the actual perpetrator who acted with malice. The People attached this court's opinion from Garcia's direct appeal, as well as the jury instructions from the trial. Garcia, in his reply brief, conceded that the jury was not instructed on felony murder or natural and probable consequences, but argued that the jury "could have found *mens rea* based on an impermissible imputed malice theory."

The trial court denied the motion on the grounds that Garcia failed to demonstrate prima facie entitlement to relief. At the hearing on the petition, the court noted that no jury instructions were given regarding natural and probable consequences, felony murder, aiding and abetting, or imputed malice. The court stated that Garcia, as the "actual attempted killer . . . is ineligible for relief as a matter of law."

Garcia timely appealed.

## DISCUSSION

Garcia's appointed attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. This court advised Garcia of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and Garcia did so. We evaluate the arguments set forth

---

[2] Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

in that supplemental brief.  (See *id*. at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Garcia argues that the evidence presented at his trial did not support a finding that he intended to kill his ex-wife or her companion, G.B.,[3] and therefore "the requirements to convict me of attempted murder were not met."  Garcia admits he approached G.B. and "at a distance of seven to eight feet, I fired (3) three rounds towards him which left (3) remaining live rounds" in the revolver.  Garcia notes that he did not chase or shoot at G.B. when he ran away, despite "a clear view of his person at all times" and "the immediate opportunity and ability to chase him down or shoot him on his back."  Garcia notes that he then approached his ex-wife, and "the revolver I still had on my person still contained (3) live rounds in the cylinder.  If my true intentions were to hurt or kill her, I had the opportunity and ability to retrieve the weapon from my waistband and shoot her at point blank range.  What prevented me from 'pistol whipping' or physically assaulting her?"  Garcia further requests that this court consider recent changes to law and policy that "give[ ] the sentencing court the discretion to dismiss/strike sentencing enhancements."

Garcia has not demonstrated that the trial court erred in denying his petition for resentencing.  (*People v. Gonzalez* (2021) 12 Cal.5th 367, 410 [it is the appellant's burden to affirmatively demonstrate error].)  Resentencing under section 1172.6 is available to petitioners who have been convicted of "attempted

---

[3]     We refer to the victim by initials to protect his privacy. (See Cal. Rules of Court, rule 8.90(b)(4).)

murder under the natural and probable consequences doctrine," who "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).) The natural and probable consequences doctrine is a theory of accomplice liability in which "the defendant aid[s] and abet[s] the target crime, . . . a coparticipant in the target crime also commit[s] a nontarget crime, and . . . this nontarget crime [is] a natural and probable consequence of the target crime the defendant aided and abetted." (*People v. Hardy* (2018) 5 Cal.5th 56, 92.) A person convicted of attempted murder is not eligible for resentencing under section 1172.6 "if the record of conviction demonstrates that he was convicted of murder and attempted murder either as a perpetrator or a direct aider and abettor, and not under the natural and probable consequences doctrine, or indeed any theory under which malice is imputed to a person based solely on that person's participation in a crime." (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

Garcia was charged and convicted as the actual shooter, not under an accomplice liability theory. The jury found that Garcia personally and intentionally discharged a firearm in the commission of the attempted murders. Nothing in the record suggests Garcia was charged or convicted under the natural and probable consequences doctrine or any other theory in which malice was imputed to him. For these reasons, the trial court was correct in concluding Garcia is ineligible for relief under section 1172.6 as a matter of law. The trial court properly denied Garcia's petition.

**DISPOSITION**

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P.J.



MORI, J.


ZUKIN, J.